UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES TOUHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV1440 JCH |
| ) | |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, et al., | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On May 20, 2013, the Court entered judgment in Plaintiff's favor on his claim for an award of long-term disability benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF Nos. 81, 82). On June 7, 2013, Plaintiff filed the instant Motion for Costs and Attorneys' Fees. (ECF No. 83).

**I.    Attorneys' Fees**

ERISA provides that "[i]n any action under this subchapter….by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." *See* 29 U.S.C. § 1132(g)(1).[1] "The starting point for determining the amount of reasonable attorneys' fees is the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in the prevailing party's legal

---

[1] The Eighth Circuit has identified factors to consider in determining whether an award of attorneys' fees is appropriate in an ERISA case. *See Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966, 969 n. 4, 972 (8th Cir. 2002) (*en banc*) (discussing *Lawrence v. Westerhaus*, 749 F.2d 494 (8th Cir. 1984)). Defendant Hartford Life and Accident Insurance Company (and Hartford Life and Accident Insurance Company, GBD Claim and Service Operations, incorrectly named as "GBD Claim and Service Operations") (hereinafter "Hartford") concedes that fees are appropriate here, however, and thus the Court need not consider the *Westerhaus* factors.

representation by a reasonable hourly rate." *West v. Matthews Intern. Corp.*, 2011 WL 3904100, at *1 (E.D. Mo. Sep. 6, 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. The district court then may reduce the award when the documentation of hours worked is inadequate, or when it determines that hours were not "reasonably expended." *Id.* at 433-34. "Once the lodestar amount has been determined, the Court may consider several other factors[2] to determine whether the fee should be adjusted upward or downward, although many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Buzzanga v. Life Ins. Co. of North America*, 2013 WL 784632, at *1 (E.D. Mo. Mar. 1, 2013) (internal quotation marks and citations omitted).

A. **Hourly Rate**

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." *West*, 2011 WL 3904100, at *2 (internal quotation marks and citations omitted). "In determining whether a fee is reasonable, the special skill and experience of counsel should be reflected in the reasonableness of the hourly rates." *Buzzanga*, 2013 WL 784632, at *1 (internal quotation marks and citations omitted). Further, "when fixing hourly rates, courts may draw on their own

---

[2] "Other factors which may be considered include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Sellers v. Peters*, 624 F.Supp.2d 1064, 1068 (E.D. Mo. 2008) (citing *St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Local 73 v. City of St. Louis, Mo.*, 96 F.3d 323, 332 n. 10 (8th Cir. 1996); *Hensley*, 461 U.S. at 434 n. 9)).

experience and knowledge of prevailing market rates." *West*, 2011 WL 3904100, at *2 (internal quotation marks and citation omitted).

Based on an alleged nationwide relevant market, Plaintiff's counsel seek the following hourly fee rates for their work in this case: Attorney Phillip A. Tatlow, $450/hour; Attorney Frank J. Carratero, $300/hour; Attorney Jeffrey A. Herman, $200/hour; and Attorney Jeffrey S. Damerall, $150/hour.[3] Both Mr. Tatlow and Mr. Carratero have practiced law for twenty-two years, and Mr. Herman has practiced law for three years. Plaintiff filed affidavits from both Mr. Tatlow and local attorney Jill S. Bollwerk[4], in which they attest to their belief that the proposed rates are reasonable.

In response, Hartford asserts that Plaintiff's attorneys' requested hourly rates are excessive. Hartford believes the relevant market is the community in which this case was litigated, and that by that standard hourly rates of $325, $200, and $165 for Mr. Tatlow, Mr. Carratero, and Mr. Herman, respectively, are appropriate.

Upon consideration of Plaintiff's counsel's experience, expertise, and performance in this case, rates approved by this Court in similar cases, the fact that counsel agreed to represent Plaintiff on a contingency fee basis, and other factors delineated in the parties' submissions, the Court concludes the following hourly rates are reasonable in this case: $350 for Mr. Tatlow; $250 for Mr. Carratero; and $175 for Mr. Herman.

B.   **Number Of Hours Reasonably Expended**

The fee applicant bears the burden of substantiating the claimed number of hours expended. *Hensley*, 461 U.S. at 433. In an effort to meet his burden, Plaintiff has submitted

---

[3] The Court need not consider Mr. Damerall's requested rate, as he is granted no fees in this matter.

[4] Ms. Bollwerk is a partner in Mr. Tatlow's law firm.

detailed billing records from four attorneys. Hartford challenges Plaintiff's claimed hours on a number of bases. The Court will address these challenges in turn.

1.  **Administrative Proceedings**

Hartford first asserts Plaintiff cannot recover fees for pre-litigation work. The Eighth Circuit has held that "the term 'any action' in 29 U.S.C. § 1132(g)(1) does not extend to pre-litigation administrative proceedings." *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1011 (8th Cir. 2004). *See also Rote v. Titan Tire Corp.*, 611 F.3d 960 (8th Cir. 2010). The Court thus will deduct from Plaintiff's request the following: Phillip A. Tatlow: 55.4 hours between January 4, 2008, and August 31, 2009; and Jeffrey S. Damerall: .2 hours on July 2, 2008.

2.  **Inadequate Record Keeping**

Hartford next asserts that where the documentation of hours expended is inadequate, the Court may reduce the award accordingly. The Court finds that to be the case in several instances. For example, Mr. Tatlow claims a total of 18 hours for work done on miscellaneous dates in 2010, 2011, 2012, and 2013, that the Court will not allow. Furthermore, Plaintiff concedes that time billed in increments of one-quarter hour should be reduced to one-tenth hour, thus eliminating 2.25 hours from Mr. Tatlow's request, and 13.95 hours from Mr. Carratero's.

3.  **Administrative Tasks**

The Court agrees that time spent on administrative tasks, such as filing documents in the Court's electronic filing system and reviewing nonsubstantive orders, must be excluded. The Court thus will deduct 3 hours from Mr. Tatlow's request, and 10.15 hours from Mr. Carratero's.

4.  **Duplicative Items**

The Court agrees Plaintiff should not be able to recover for more than one attorney attending the mediation of this matter.  As Mr. Tatlow took the lead role in this case, only his time will be allowed.  The Court therefore will deduct 6 hours from Mr. Carratero's request.

### 5. Motion For Clarification

Subsequent to the Court's Memorandum and Order and Judgment entered May 20, 2013, Plaintiff filed a Motion for Clarification, in which he requested that the Court consider whether any offsets were permitted under the 2007 Plan, and the prejudgment interest rate to be applied. (ECF No. 84).  The Court largely denied Plaintiff's motion in a brief order entered July 12, 2013. (ECF No. 92).  Inasmuch as Plaintiff failed to prevail on the majority of his Motion for Clarification, the Court will deny his requested fees for work expended on such motion.  *See Sellers*, 624 F.Supp.2d at 1069.  The Court thus will deduct 1 hour from Mr. Tatlow's request, and 38 hours from Mr. Herman's.

### C. Other Factors

"The product of reasonable hours times a reasonable rate does not end the inquiry." Q*uigley v. Winter*, 598 F.3d 938, 959 (8th Cir. 2010) (internal quotation marks and citation omitted).  There remain other considerations that may lead the Court to adjust the fee upward or downward.  *Id.*

Upon consideration, the Court finds the number of hours reported by Plaintiff's counsel in this case to be excessive.  For example, the Court's review of the billing records reveals a significant duplication of effort.  Further, while the Court only reduced specific time increments of one-quarter hour to one-tenth hour, it suspects other entries inappropriately were rounded as well.  In light of the foregoing, together with the Court's own knowledge of the appropriate

amount of time required to litigate a case such as this one, the Court finds an across the board 20% reduction in Plaintiff's requested fees to be appropriate.

## II.     Costs

Plaintiff seeks an award of costs in the amount of $1,603.85. Defendant does not challenge this amount, and the Court thus will award Plaintiff's requested costs in their entirety.

## CONCLUSION

Based on the foregoing, the Court will award attorneys' fees in the following amounts:

Phillip A. Tatlow:        95.16 hours at $350/hour = $33,306.00

Frank J. Carratero:      76.24 hours at $250/hour = $19,060.00

Jeffrey A. Herman:      123.12 hours at $175/hour = $21, 546.00

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Costs and Attorneys' Fees (ECF No. 83) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorneys' fees in the amount of $73,912.00, and costs in the amount of $1,603.85.

Dated this 13th Day of December, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE